UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NELSON SOSA and SAMIR AQUINO on behalf of
themselves and others similarly situated,

                  Plaintiffs,

v.

NLE Restaurant Corp, d/b/a Tropical Sensation Restaurant,
And Jose Ramirez, jointly and severally

                  Defendants
------------------------------------------------------------------x

No.

**CLASS ACTION COMPLAINT**

Jury Trial Demanded

        Plaintiffs, Nelson Sosa and Samir Aquino individually, and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.     This lawsuit seeks to recover unpaid minimum wages, unpaid overtime, unlawfully withheld tips, unlawfully liquidated damages, statutory penalties for notice-and-recordkeeping violations for plaintiffs, and costs and attorneys' fees for plaintiffs and all others similarly situated who were hourly employees who have worked at defendant NLE Restaurant Corporation, d/b/a/ Tropical Sensation a restaurant located at 953 Amsterdam Ave, City of New York, County of New York, State of New York.

2.     Defendants have deprived plaintiffs of minimum wages, overtime pay since at least on or about February 2, 2013, in violation of the Fair Labor Standards Act ("FLSA").

3.     Defendants have deprived plaintiffs of minimum wages, overtime pay, and other wages since at least on or about June February 2, 2010, in violation of the New York Labor Law ("NYLL").

4. Defendants have unlawfully taken the tip credit allowance available under 29 U.S.C. §203(m) and 12 N.Y.C.R.R. §137.15 and/or §146-1.3. Defendants were ineligible to receive a tip credit due to their failure to provide notice as required by federal and state law and for designating certain persons as tipped employees when they did not meet the definition of tipped employees.

5. Defendants have violated notice-and-recordkeeping requirements required by 12 N.Y.C.R.R. §146-2.3 by failing to provide statements along with wages listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

6. Defendants have further violated the notice requirements set forth in NYLL §195(1) and (3).

## JURISDICTION AND VENUE

7. Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq.* This Court has supplemental jurisdiction over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

8. As stated below Tropical Sensation is an employer engaged in commerce as defined in the FLSA, 29 U.S.C. §203(s).

9. Upon information and belief, NLE Restaurant Corp. and Jose C. Ramirez are subject to personal jurisdiction in the State of New York since they are located in Manhattan, New York County, State of New York.

10. Venue is proper in this District because Tropical Sensation conducts business in this Judicial District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### DEFENDANTS

11. Defendants NLE Restaurant, Corporation, d/b/a Tropical Sensation ("Defendant Restaurant") conducts business in New York at 953 Amsterdam Ave., New York, New York 10025.

12. Defendant Jose C. Ramirez, on information and belief, is a resident of New York County, New York. Defendant Jose C. Ramirez at all times relevant to this complaint has been the owner and manager of the Defendant Restaurant.

13. Defendants are part of a single integrated enterprise that jointly employed plaintiffs at all times relevant to this complaint, as the defendants are engaged in activities performed for a common business purpose as defined by FLSA, 29 U.S.C. § 203(r).

14. Defendants are an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, Tropical Sensation is a popular restaurant with a good location in Spanish Harlem serving a Dominican Cuisine. The restaurant is open 15 hours a day seven days a week and has been established for almost ten years. There are over ten workers on each shift who work as waiters, cooks, bus boys, and bartenders. As such, based on plaintiffs' personal knowledge of defendants' business, as well as upon

information and belief, defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

15. Upon information and belief, as well as first-hand knowledge of plaintiffs, employees of defendants, Tropical Sensation and Ramirez regularly conducted interstate business. Specifically, Tropical Sensation has regularly accepted credit card payments debiting funds from out-of-state bank accounts. In addition, many of the staples served at the restaurant include products grown in states with tropical climates.

16. Defendants are covered employers within the meaning of the 29 U.S.C. §203(d) and NYLL §190.

17. Upon information and belief, defendants have had control over all employment practices at the Restaurant, including wages, scheduling and the hiring and firing of employees.

## PLAINTIFFS

**Nelson Sosa**

18. Nelson Sosa (Sosa) is an adult individual who is a resident of the County of Bronx, City and State of New York.

19. Sosa was employed from 2009 until September 2014 as a bus boy, waiter and bartender over various periods of time during this period.

20. Sosa is a covered employee within the meaning of the FLSA and NYLL.

21. At all times relevant, defendants failed to pay him in accordance with the minimum wage and/or overtime provisions of the FLSA and N.Y. Lab. Law. Specifically, no matter how many hours he worked per shift he was paid only a daily rate of either $40.00 or $45.00.

He was treated as a tipped employee despite defendants' non-compliance with the rules for taking a tip credit.

**Samir Aquino**

22. Samir Aquino (Aquino) is an adult who is a resident of the County of Bronx, City and State of New York.

23. Aquino was employed by defendants from October 2010 to August 30, 2015 at various times as a bus boy, waiter and a bartender.

24. Aquino is a covered employee within the meaning of FLSA and NYLL.

25. At all times relevant, defendants failed to pay Aquino in accordance with the minimum wage and/or overtime provisions of the FLSA and NYLL.

26. Specifically, no matter how many hours he worked per shift he was paid only a daily rate of either $40.00 or $45.00. He was treated as a tipped employee despite defendants' non-compliance with the rules for taking a tip credit.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs bring their first claim for relief as a collective action under the FLSA Section 16(b), 29 U.S.C. §216(b), on behalf of all non-exempt workers employed by defendants at Tropical Sensation **between February 2, 2013 and the dat**e of final judgment in this matter that elect to opt in to this action. Such plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

28. At all times relevant to this complaint, plaintiffs and the FLSA Collective Plaintiffs are and/or have been similarly situated, have had substantially similar compensation provisions, and have been subject to defendants' policies and practices of willfully failing

5

to pay them consistent with FLSA and NYLL requirements for minimum wage and overtime. Thus, the claims of plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

29. For notice and all other purposes related to claims brought under the FLSA Section 16(b), 29 U.S.C. §216(b), the names and addresses of the FLSA Collective Plaintiffs are available from defendants' records. Notice can be provided via first class mail to the last address known to defendants for each of the FLSA Collective Plaintiffs.

## RULE 23 CLASS ALLEGATIONS

30. Plaintiffs bring their second claim for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all hourly workers employed by defendants at Penelope between February 2, 2010 and the date of final judgment in this matter.

31. All such persons shall hereinafter be referred to as the "Class." The Class members are readily ascertainable since the identity, addresses, time records, work schedules, positions and raters of pay for each Class member are determinable from defendants' records. Notice can be provided pursuant to FRCP 23.

32. Joinder of all Class members is impracticable since, upon information and belief, there are more than (40) Class members. The exact number of class members is presently unknown to plaintiffs since all facts and records necessary for precise calculation are in the sole possession and control of the defendants. Because of the foregoing, it will benefit the parties to address their claims as a class.

33. The plaintiffs' claims are typical of those claims which could be alleged by any member of the Class. The relief sought by plaintiffs is typical of the relief which would be sought by each member of the class in separate actions. All Class members were subject to the

same policies and practices alleged herein including defendants' failure to pay overtime. The aforesaid policies and practices of defendants similarly affect all Class members. Plaintiffs and class members have sustained similar injuries and damages as a result of defendants' unlawful acts and/or omissions.

34. Plaintiffs are fit to fairly and competently represent and protect the interests of the Class. For the purposes of this action, plaintiffs have no interests that conflict with those of the Class. Plaintiffs' attorneys have considerable experience in the field of employment litigation as well as class action litigation.

35. The Disposition of plaintiffs' claims as a class action is superior to any other available means of adjudication for the foregoing reasons:

   a. Class members are low-wage workers who individually lack the necessary resources to effectively litigate against a corporate defendant;

   b. A class action is in the interests of judicial economy as individual litigation would result in the expenditure of considerable public resources;

   c. Injuries suffered by each Class member individually are small in comparison to the costs associated with individual litigation, dissuading and precluding redress of their claims;

   d. The claims shared by Class members involve important public policy interests that would otherwise go unaddressed due to aforesaid barriers to and limitations of individual litigation, and;

   e. A class action will provide anonymity for those Class members whose fear of retaliation would otherwise dissuade them from asserting their rights. Upon information and belief, many Class members are still employed by defendants;

36. Questions of law and fact are common to all Class members and predominate over those of any individual Class members, including:

   a. Whether plaintiffs and Class members were paid the required overtime rate of one and one half times their hourly rate for all hours worked in excess of (40) per workweek;

   b. Whether defendants complied with the record-keeping requirements of the NYLL;

   c. By what method, if any, defendants kept track of the hours plaintiffs and Class members worked;

## CLASSWIDE FACTUAL ALLEGATIONS

37. Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully.

38. Defendants knew that the nonpayment of minimum wage and overtime would economically injure plaintiffs and violated federal and New York State laws.

39. Plaintiffs and Class Members regularly worked in excess of forty (40) hours per workweek and were not paid any premium overtime pay as required.

40. Defendants failed to post the required notices of the wage and hour laws, tip appropriations and deductions as required by 12 N.Y.C.C.R. §146-2.4.

41. Defendants failed to provide plaintiffs and Class members with a statement with each payment of wages as required by 12 N.Y.C.C.R. §146-2.3 and NYLL §195 *et seq.*

42. Defendants unlawfully failed to pay plaintiffs and Class Members at the overtime rate as provided by FLSA for all hours in excess of forty (40) in a workweek.

8

43. Defendants committed the foregoing acts against the plaintiffs, FLSA Collective Plaintiffs and the Class.

44. Defendants' violations were willful and intentional.

## FIRST CLAIM FOR RELIEF

### (FLSA Overtime Claim, 29 U.S.C. §201 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and FLSA Collective Plaintiffs)

45. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat, reiterate and incorporate each and every preceding paragraph as if set forth fully herein.

46. Throughout the period covered by the applicable statute of limitations, plaintiffs and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and were paid a daily rate.

47. At all times relevant, defendants have repeatedly and willfully failed to pay the plaintiffs and FLSA Collective Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

48. Upon information and belief, defendants have failed to keep employment records for plaintiffs and FLSA Collective Plaintiffs in accordance with the requirements of the FLSA.

49. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek and are entitled to recover damages for their unpaid minimum wage and/or overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (New York State Minimum Wage Act - Overtime Claim, N.Y. Lab. Law. §650 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the Class)

50. Plaintiffs, on behalf of themselves and members of the Class, repeat, reiterate and incorporate each and every preceding paragraph as if set forth fully herein.

51. Throughout the period covered by the applicable statute of limitations, defendants willfully and repeatedly failed to pay plaintiffs and Class members at the minimum wage and/or overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

52. Plaintiffs and members of the Class seek and are entitled to recover their respective unpaid compensation, damages pursuant to NYLL Article 6, §198, attorneys' fees, costs, pre and post-judgment interest along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

### (Failure to Pay Spread of Hours Pay 12 NYCRR §142-1.6)

53. Plaintiffs, on behalf of themselves and members of the Class, repeat, reiterate and incorporate each and every preceding paragraph as if set forth fully herein.

54. Throughout the period covered by the applicable statute of limitations, defendants willfully and repeatedly failed to pay plaintiffs and Class members an extra hour of wages at the minimum wage for each day that they worked a spread of hours longer than 10 and or worked a split-shift as required by 12 N.Y.C.R.R.§146-1.6.

55. Plaintiffs and members of the Class seek and are entitled to recover their respective unpaid compensation, damages pursuant to NYLL Article 6, §198, attorneys' fees, costs, pre and post-judgment interest along with such other relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

**(Failure to Provide Wage Notice and Wage Statements** (NYLL §195(3) and (5) and 12 N.Y.C.R.R. §142-2.2 et seq. )

56. Plaintiffs, on behalf of themselves and members of the Class, repeat, reiterate and incorporate each and every preceding paragraph as if set forth fully herein.

57. Throughout the period covered by the applicable statute of limitations, defendants willfully and repeatedly failed to provide plaintiffs and Class members with notice of wage rate and a weekly wage statement (pay stub) as required by NYLL §195(3) and (5) and 12 N.Y.C.R.R. §142-2.2 et seq.)

58. Plaintiffs and members of the Class seek and are entitled to recover their respective unpaid compensation, damages pursuant to NYLL Article 6, §198, attorneys' fees, costs, pre and post-judgment interest along with such other relief as this Court deems just and proper.

## RELIEF SOUGHT

**WHEREFORE**, plaintiffs on behalf of themselves, the FLSA Collective Plaintiffs and the members of the Class, request relief as follows:

A. Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the opt-in class.

B. Designation of plaintiff's as representatives of the FLSA Collective Plaintiffs

C. Designation of this action as a class action pursuant to FRCP Rule 23 for the purposes of the claims brought on behalf of Class members;

D. An award of damages under the Hospitality Industry Wage Order, the NYLL and the FLSA;

E. An award of liquidated damages pursuant to the FLSA;

F. All penalties available under the applicable laws;

G. Attorneys' fees pursuant to 29 U.S.C. §216, N.Y. Lab. L. §663 and all other applicable statutes;

H. Interest as provided by law; and

I. Such other relief as this Court deems just and proper.

## JURY TRIAL

Plaintiffs demand a jury trial for all causes of action and claims for which they have a right to a jury trial.

Dated: New York, New York
February 2, 2016

Respectfully submitted,

*/s/ Jeanne C. Mirer*

Jeanne E. Mirer
Mirer Mazzocchi Schalet & Julien, PLLC

*Attorney for Plaintiffs*
jmirer@mmsjlaw.com
150 Broadway, Suite 1200
Telephone: 212-231-2235
Facsimile: 212-409-8338

JM:pa